IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| KURT BUTLER, | ) | CV. NO. 08-00204 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| POLICE CHIEF THOMAS | ) | |
| PHILLIPS, OFFICER AYLETT | ) | |
| WALLWORK, OFFICER KEOLA | ) | |
| TOM | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing the motion and the opposing memoranda, the Court DENIES Plaintiff's Motion for Reconsideration.  (Doc. # 78.)

<u>BACKGROUND</u>

On June 6, 2006, Maria DeLeon obtained, ex parte, a Temporary Restraining Order ("TRO") from the Family Court in the Second Circuit, State of Hawaii, against Kurt Butler ("Plaintiff" or "Butler"), a homeless man whom she and her boyfriend had allowed to stay with them.  The TRO ordered Butler to vacate the residence he shared with DeLeon and her boyfriend, Steve Cardoso.

The TRO prohibited Butler from contacting DeLeon where she lived or worked. The TRO also prohibited Butler from visiting or remaining within 100 yards of any place where DeLeon lived, and prohibited Butler from entering or visiting DeLeon's place of employment, Unisan Restaurant.  The TRO identified DeLeon's residence as 2102 Vineyard Street and Unisan Restaurant as 2136A Vineyard Street.[1]   Butler was served with the TRO that day.

Butler alleges in his Complaint that the next day, June 7, 2006, he complained to the police that the TRO contained fabricated allegations and that he had been defrauded out of hundreds of dollars by DeLeon because she had hired him to paint and refused to pay him.  Butler was told by the police that they do not investigate complaints of perjury.

Later that day, Butler held a poster he had made and stood on the sidewalk directly across the street from Unisan Restaurant.  Butler asserts he did not intend to violate the TRO, but wanted to embarrass DeLeon into paying him for work he allegedly performed.

On June 7, 2006, the police were called to the scene to investigate a TRO violation at 2103 W. Vineyard Street.  According to the police report,

---

[1] As noted herein, these addresses should have been switched, with DeLeon's residence at 2136A Vineyard Street and Unisan Restaurant at 2102 Vineyard Street.

DeLeon resided at 2110 Vineyard Street.   Defendant Officer Keola Tom's statement stated that he was dispatched to Unisan Restaurant located at 2102 Vineyard Street, and that Butler was standing across the street at 2103 Vineyard Street.   When DeLeon met with Officer Tom at the rear of the restaurant, she told Officer Tom that she lived at 2110 Vineyard Street, which was directly behind the Unisan Restaurant.   She explained the terms of the TRO to Officer Tom.   Her boyfriend, Steven Cardoso, confirmed that he lived with DeLeon, located at the rear of the restaurant.   Officer Tom reviewed a copy of the TRO at this time.   He then used the police issued stroller-meter to measure the distance from where Butler was standing through the restaurant to the front gate of DeLeon's  residence. The distance was 70.3 yards.   Officer Tom noted that the path he measured was longer than if he were to measure a straight line to the residence, but he was unable to do so due to a building that was in the way.

Defendant Officer Aylett Wallwork indicated in a statement that after Officer Tom informed him of the violation of the TRO, Wallwork arrested Butler. Butler later stated to Officer Wallwork that he had been at the police station earlier that day complaining that the TRO was retaliation by DeLeon for his citizen's arrest of her for assaulting him and that the statements in the TRO are lies.

Butler claims he spent one month in jail.  He also claims that the TRO was dissolved on July 10, 2006.  The charges against Plaintiff for violating the TRO were dismissed with prejudice at the request of the prosecutor on August 16, 2006.

Butler, *pro se*, filed a complaint in this Court in May 2008 against the Defendants alleging violations of his civil rights based upon his arrest for allegedly violating the TRO.  Butler claims that DeLeon did not reside within 100 yards of where he was standing and the arresting officers did not have probable cause to arrest him because they did not review the TRO or confirm through documentary evidence that DeLeon actually resided within 100 yards of where Butler was standing.  Butler also complains that Chief Phillips violated his rights by refusing to investigate his claims against DeLeon of perjury, and that Phillips created a policy to refuse to investigate complaints of false reporting and perjury.

On February 11, 2009, Defendants filed a Motion for Summary Judgment.[2]  (Doc. # 66.)  On May 1, 2009, this Court issued an order granting Defendants' Motion for Summary Judgment.  (Doc. # 75.)  This Court found Defendants had shown that there was no genuine issue as to any material fact, and were entitled to summary judgment as a matter of law.  This Court determined that

---

[2]  The County of Maui was dismissed voluntarily by Plaintiff.  (Doc. # 24.)

Defendants had successfully established that they had probable cause to arrest

Butler, that they were reasonable in effectuating the arrest, and that they did not

violate any other clearly established constitutional rights.

On May 12, 2009, Plaintiff filed, *pro se*, the instant motion to

reconsider the order granting Defendants' Motion for Dismissal.  (Doc. # 78).  On

May 20, 2009, the Defendants' filed a Memorandum in Opposition to Plaintiff's

Motion for Reconsideration.  Plaintiff has not filed a reply brief to the Defendants'

Memorandum in Opposition.

## STANDARD OF REVIEW

Plaintiff seeks reconsideration pursuant to Federal Rules of Civil

Procedure  60(b)(3) and 60(b)(6).   A "motion for reconsideration must accomplish

two goals.  First, a motion for reconsideration must demonstrate reasons why the

court should reconsider its prior decision.  Second, a motion for reconsideration

must set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision."  Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429,

430 (D. Haw. 1996); see also Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw.

1994).  Mere disagreement with a previous order is an insufficient basis for

reconsideration and reconsideration may not be based on evidence and legal

arguments that could have been presented at the time of the challenged decision.

See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw.

2005).  "Whether or not to grant reconsideration is committed to the sound

discretion of the court."  Navajo Nation v. Confederated Tribes & Bands of the

Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter.,

Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)); see also Lolli v.

County of Orange, 351 F.3d 410, 411 (9th Cir.  2003); Plotkin v. Pac. Tel. & Tel.

Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  The rule derives from the compelling

interest in the finality of judgments, which should not be disregarded lightly.  See

Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell, 872 F. Supp. at 758.

"Courts have established only three grounds justifying

reconsideration: (1) an intervening change in controlling law; (2) the discovery of

new evidence not previously available; and (3) the need to correct clear or manifest

error in law or fact, to prevent manifest injustice."  Carnell, 872 F. Supp. at 758-59.

Federal Rules of Civil Procedure  60(b)(3) provides that the court may

grant relief from judgment for fraud (whether heretofore denominated intrinsic or

extrinsic), misrepresentation, or other misconduct of an adverse party.  To prevail,

Plaintiff "must prove by clear and convincing evidence that the verdict was

obtained through fraud, misrepresentation, or other misconduct  and . . . [that]

prevented the losing party from fully and fairly presenting its defense."  Casey v.

6

Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004); De Saracho v. Custom Food

Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000).  Federal Rules of Civil

Procedure 60(b)(3) "is aimed at judgements which were unfairly obtained, not at

those which are factually incorrect."  De Saracho, 206 F.3d at 880 (citing In re

M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987)).

   Federal Rules of Civil Procedure 60(b)(6) provides that, upon  motion,

the Court may relieve a party from a final judgment, order, or proceeding for the

reasons specified under the rule or for "any other reason justifying relief from the

operation of the judgment."  Relief under Rule 60(b)(6)'s catch-all provision is

only available in "exceptional circumstances."  Waggoner v. R. McGray, Inc., 743

F.2d 643, 645 (9th Cir. 1984).  As such, "[j]udgments are not often set aside under

Rule 60(b)(6)."  In re Int'l Fibercom, Inc., No. 05-16358, 2007 WL 2610892, at *5

(9th Cir. Sept. 12, 2007).  "Rather, Rule 60(b)(6) should be 'used sparingly as an

equitable remedy to prevent manifest injustice' and 'is to be utilized only where

extraordinary circumstances prevented a party from taking timely action to prevent

or correct an erroneous judgment.'"  Id. (citing United States v. Washington, 394

F.3d 1152, 1157 (9th Cir. 2005)).  To prevail, a "party who moves for such relief

'must demonstrate both injury and circumstances beyond his control that prevented

him from proceeding with . . . the action in a proper fashion." Id. (citing Cmty.

Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)).

When a plaintiff appears pro se, the court has an obligation to

construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County,

339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir.

2003). Pro se plaintiffs in a civil rights action must be afforded the benefit of any

doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.

1988). "A pro se litigant must be given leave to amend his or her complaint unless

it is 'absolutely clear that the deficiencies of the complaint could not be cured by

amendment.'" Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987),

superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000)

(determining that a district court retains its discretion to dismiss a pro se prisoner's

in forma pauperis complaint with or without leave to amend under the Prisoner's

Litigation Reform Act)). However, "[p]ro se litigants must follow the same rules

of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th

Cir. 1987).

<u>DISCUSSION</u>

In the instant motion, Plaintiff asks this Court to reconsider its order granting the Defendants' Motion for Summary Judgment.  Specifically, Plaintiff argues that:  (1) Defendant Police Chief Phillips "perpetrated a fraud on the Court by denying he maintained a perjury decriminalization policy" (Mot. At 1); (2) Corporation Counsel suborned the above mentioned perjury; (3) Defendant Police Chief Phillips obstructed justice when refusing to investigate Plaintiff's claim of perjury by DeLeon; (4) Corporation Counsel perpetrated a fraud on the Court by falsely claiming DeLeon's residence was located at 2110 Vineyard; and (5) these instances of deception amount to a "license to kidnap by proxy."  (Mot. at 2.)

Plaintiff's arguments represent an insufficient basis to satisfy the standard for reconsideration.  Plaintiff's motion does not demonstrate reasons why this Court should reconsider its prior decision and does not set forth facts or law to induce this Court to reverse its prior decision.  <u>See</u> <u>Donaldson</u>, 947 F. Supp. at 430. Plaintiff also has failed to establish grounds justifying reconsideration because there is: (1) no intervening change in controlling law; (2) no discovery of new

evidence; and (3) no demonstration of clear or manifest error in law or fact needed to correct to prevent injustice.  See Carnell, 872 F. Supp. at 758-59.[3]

Plaintiff's argument that the Corporation Counsel perpetrated fraud on this Court by falsely claiming DeLeon's residence was located at 2110 Vineyard is meritless.  This Court did not rely on Corporation Counsel's statements as evidence in granting Defendant's Motion for Summary Judgment.  See generally Carrillo-Gonzalez v. I.N.S., 353 F.3d 1077, 1079 (9th Cir. 2003) (stating that argument by counsel is not evidence); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 235 (1990) (refusing to "rely on the city's representations at argument as 'the necessary factual predicate may not be gleaned from the briefs and arguments themselves'").  Instead, as required by the Federal Rules of Civil Procedure and Federal Rules of Evidence, this Court reviewed the police report, the TRO, and other evidence in determining that it was reasonable for the arresting officers to believe that Plaintiff was in violation of the TRO.

Plaintiff's other arguments for reconsideration of this Court's Order are groundless and unsubstantiated.  Plaintiff has failed to provide new facts regarding the claims of obstructing justice, suborned perjury, and policy of

---

[3] The Court notes that throughout these proceedings it has liberally construed Plaintiff's pleadings and allegations due to his pro se status.

decriminalizing perjury to induce this Court to reverse its previous order.

Plaintiff's motion for reconsideration has not produced any evidence that

demonstrates Defendant Police Chief Phillips has adopted a policy or custom of

not investigating perjury or false reporting.  Plaintiff merely alleges a lack of

investigation into his complaints of perjury, but provides no evidence

substantiating this claim.  Similarly, Plaintiff's allegations of suborned perjury and

obstruction of justice lack any supporting evidence.

Plaintiff's argument that the Court's Order authorizes "kidnap by

proxy" (Mot. at 1) is baseless.  As it was reasonable for the arresting officers to

believe that Plaintiff was in violation of the TRO, the arrest was warranted.

In the alternative, Plaintiff requests that the middle paragraph on page

eleven of the Court's Order be deleted because it "is inappropriate, contrary to the

facts and adds insult to injury."  (Mot. at 3.)  The paragraph reads as follows:

> Even though the addresses listed on the TRO were
> mistakenly switched, the evidence undeniably shows that
> Butler violated the terms of the TRO because he brought
> himself within 100 yards of both 2110 Vineyard Street,
> the address Deleon has claimed was her residence on
> June 7, and 2136A Vineyard Street, the address listed on
> the TRO, as corrected.

(Doc. # 78.)

11

The facts here do not warrant or support this revision suggested by the Plaintiff.

Moreover, even if the residential street address provided by DeLeon was incorrect, it does not impact the final decision of this Court that it was reasonable for the arresting officers to believe that there was probable cause for arrest and that the officers are entitled to qualified immunity.  Plaintiff has failed to present facts or law of a strongly convincing nature to induce this Court to reverse its prior decision, See Carnell, 872 F. Supp. at 758, and thus Plaintiff's motion to reconsider is denied.

Although Plaintiff as a pro se litigant is allowed to amend his complaint, "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  See Karim-Panahi, 839 F.2d at 623 (quoting Noll, 809 F.2d at 1448, superceded by statute, Lopez, 203 F.3d at 1126-30).  As this complaint has been well litigated through several rounds of dispositive motions, permitting Plaintiff to amended his complaint would be repetitive and unnecessary.

<u>CONCLUSION</u>

For the reasons stated above, the Court DENIES Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 2, 2009.

_____
David Alan Ezra
United States District Judge

<u>Butler v. Phillips, et al.</u>, CV No. 08-00204 DAE-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION